IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| **In re:** | x<br>: | Case No. _____ |
|  | : |  |
| **Application Pursuant to 28** | : |  |
| **U.S.C. § 1782 for an Order to Take** | : |  |
| **Discovery of Patrick Parham for Use in** | : |  |
| **a Foreign Proceeding** | : |  |
|  | x |  |

APPLICATION AND MEMORANDUM OF LAW
PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY
OF PATRICK PARHAM FOR USE IN A FOREIGN PROCEEDING

i

**APPLICATION FOR 28 U.S.C. §1782 ORDER TO TAKE DISCOVERY**

The Applicants identified below submit this Application pursuant to 28 U.S.C. § 1782 for an Order granting them leave to serve subpoenas upon Patrick Parham ("Parham"), a resident of this District, for documents and testimony for use in an anticipated foreign proceeding in which they will be claimants.

1. The Applicants are the following individuals and entities, all of whom were investors in what turned out to be a multi-million dollar fraudulent Forex trading and investment scheme: (1) Oak Trust, (2) Acorn Trust, (3) Eagle Trust, (4) Duffy Trust, (5) Robert J. Parfet Living Trust, (6) Geluk Global Fund Limited SAC (a company incorporated in the Bahamas), (7) Migration Investments, LLC (a Colorado, U.S. LLC ), (8) Boustrophedon International Ltd (a company incorporated in Hong Kong), (9) Michael R. Shea, (10) Erin Shea, (11) Angela Ling, (12) Fuhua Ling, (13) Philip Bullock, (14) Lifang Liu, (15) Justin Payne, (16) Michael Dietzen, (17) Kimberly J. Dietzen, (18) Brian Sly, (19) David K. Sly, (20) Gregory Sly, (21) Karen Sly, (22) Nelson Sly, (23) Helen S. Sly, (24) Sly Family Trust, and (25) Tamara A. Sly Separate Property Trust.

2. Applicants anticipate bringing a foreign judicial proceeding in the United Kingdom before the High Court of England and Wales (the "U.K. Proceeding") seeking damages and/or equitable compensation arising from their investments in a multi-million dollar fraudulent Forex investment and trading scheme. The witness Parham was the accountant and bookkeeper for one or more of the companies that perpetrated this fraudulent scheme and thus has direct personal knowledge of the financial transactions and of meetings and discussions between the parties to the fraud. Parham will be a witness but not a party to the U.K. Proceeding.

3. Parham maintains a personal residence within this District at 1416 Nash Street, Garland, Texas 75042-5833. Applicants seek an Order pursuant to 28 U.S.C. § 1782 authorizing them to serve document and deposition subpoenas upon Parham for use in the U.K. Proceeding. The subpoenas will be issued pursuant to and in compliance with Fed. R. Civ. P. 45, and will be

in the same form as the Subpoena *Duces Tecum* and Subpoena *Ad Testificandum* attached hereto as Exhibits A and B.[1]

4. This Application seeks only an Order authorizing the requested discovery. Applicants request that the Court grant this Application without necessity of a hearing, which is the normal procedure for Section 1782 applications. Parham will retain the ability to respond and/or object to the subpoenas pursuant to Rule 45(c)(3) and any applicable discovery rules.

5. Applicants refer the Court to the Memorandum of Law In Support and the Declaration of Robert K. Campbell for further discussion of the facts and law authorizing the requested relief.

Respectfully submitted,

By: /s/ David C. Kent
David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone:    469 357 2500
Facsimile:    469 327 0860
ATTORNEYS FOR APPLICANTS
ROBERT J. PARFET, *et al.*

---

[1] As drafted and attached hereto, the Document Subpoena and Deposition Subpoena do not contain specific dates for compliance, as the dates setting forth the time period in which respondent are to comply cannot be populated until an order is granted authorizing their service. Accordingly, as reflected in the attached Proposed Order, upon entry of an order granting the relief requested herein, counsel for Applicants would anticipate revising Exhibits A-B to reflect compliance dates in accordance therewith.

# MEMORANDUM OF LAW IN SUPPORT
# TABLE OF CONTENTS

Page

SUBJECT MATTER JURISDICTION AND VENUE ................................................................. 1

PRELIMINARY STATEMENT ................................................................................................... 1

    A.    Summary of Facts Supporting Applicants' Claims in the U.K. Proceeding ................... 1

    B.    Anticipated U.K. Proceeding ........................................................................................ 2

    C.    Documents and Testimony Sought from Parham ......................................................... 3

ARGUMENT .................................................................................................................................. 4

    A.    The Application Meets the Statutory Requirements of 28 U.S.C. § 1782 ..................... 4

    B.    The Discretionary *Intel* Factors Weigh in Favor of Granting the Application ............. 9

        1.    Parham Is Not a Party to the U.K. Proceeding ................................................ 9

        2.    Section 1782 Applications Are Routinely Granted When the Discovery Sought is for Use in Proceedings in the U.K. ................................................ 10

        3.    Applicants' Request Does Not Attempt to Circumvent Foreign Proof-Gathering Practices ....................................................................................... 11

        4.    The Discovery Sought from Parham Is Specific, Narrow, and Not Unduly Intrusive or Burdensome ................................................................................ 11

CONCLUSION ............................................................................................................................. 13

## MEMORANDUM OF LAW IN SUPPORT
## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
   747 F.3d 1262 (11th Cir. 2014) ................................................................................................7

*BNSF Railway Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017) ..............................................................................................................8

*Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*,
   613 Fed. Appx. 319 (5th Cir. 2015).............................................................................5, 6, 7, 10

*Bristol Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ..............................................................................................................8

*Daimler A.G. v. Bauman*,
   571 U.S. 117 (2014)...................................................................................................................8

*Ex Rel. Application of Winning (HK) Shipping Co.*,
   No. 09-22659-MC, 2010 WL 1796579 (S.D. Fla. Apr. 30, 2010) .............................................8

*Goodyear Dunlop Tires Operations S.A. v. Brown*,
   564 U.S. 915 (2011)...................................................................................................................8

*In re Appl'n of Eurasian Bank Joint Stock Co.*,
   No. 3:15-mc-106-L-BN, 2015 WL 6438256 (N.D. Tex. Oct. 21, 2015).....................................5

*In re Ex Parte Appl'n of Global Energy Horizons Corp.*,
   Case No.: 5:15–mc–80078–PSG, 2015 WL 1325758 (N.D. Cal. Mar. 24, 2015) ..........6, 10

*In re IKB Deutsche Industriebank AG*,
   No. 09-cv-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010).............................................6, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004).......................................................................................................... passim

*Interbrew Central European Holdings BV v. Molson Coors Brewing Co.*,
   No. 13–cv–02096–MSK–KLM, 2003 WL 5567504 (D. Colo. Oct. 9, 2013)...............6, 10

*LEG Q LLC v. RSR Corp.*,
   No. 3:17-cv-1559-N-BN, 2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) ............... passim

*Matter of Simetra Global Assets Ltd. & Richcroft Invest. Ltd.*,
   No. 16-2389 (JLL) (JAD), 2016 WL 3018692 (D.N.J. May 25, 2016) ......................... 6, 10

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015) ............................................................................................... 7

*Servotronics, Inc. v. Boeing Co.*,
   954 F.3d 209 (4th Cir. 2020) ........................................................................................ 6, 10

*Tex. Keystone, Inc. v. Prime Natural Resources, Inc.*,
   694 F.3d 548 (5th Cir. 2012) ............................................................................................. 4

**FEDERAL STATUTES**

28 U.S.C. § 1331 ........................................................................................................................... 1

28 U.S.C. § 1782 .................................................................................................................. passim

28 U.S.C. § 1782(a) ...................................................................................................................... 4

**RULES**

Fed. R. Civ. P. 45(c) ................................................................................................................... 12

Civil Practice Rules of England and Wales 1998 ................................................................. passim

# MEMORANDUM OF LAW IN SUPPORT

## SUBJECT MATTER JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. § 1331, and on the basis that the Application is being made pursuant to 28 U.S.C. § 1782. Venue in this District is proper pursuant to 28 U.S.C. § 1782 because discovery is being sought from an individual who resides within this judicial district.

## PRELIMINARY STATEMENT

**A.  Summary of Facts Supporting Applicants' Claims in the U.K. Proceeding**

In their anticipated filing before the High Court of England and Wales (the "UK Proceeding"), Applicants expect to allege violations of the laws of England and Wales based on the wrongful conduct of Equiti Capital UK Limited ("Equiti UK") in its facilitation and concealment of a fraudulent Forex trading scheme ("the Mediatrix Fraud") operated by Mediatrix Capital Inc. ("Mediatrix") and Blue Isle Markets Inc. ("Blue Isle 1") and its successor Blue Isle Markets Ltd. ("Blue Isle 2") (collectively referred to as "Blue Isle"), in which Applicants invested. *See* Declaration of Robert K. Campbell ("Campbell Decl.") submitted herewith, ¶¶ 4-7, App. 2-4.

The Mediatrix Fraud involved multiple components. First, Blue Isle / Mediatrix fraudulently induced investment through material misrepresentations, including regarding the profitability of their trading history, the value of their assets under management, the existence of audited trading results, and their regulated status. *Id.* ¶ 5, App. 3. Then, Blue Isle / Mediatrix fraudulently induced investors to maintain and/or increase their investments by falsifying investors' account statements to show phantom profits and making Ponzi-like payments to investors who opted to cash out their "profits," all in an effort to prop-up the façade of profitable trading and perpetuate the fraud. *Id.* Ultimately, Blue Isle / Mediatrix's fraudulent scheme resulted in massive trading losses of the funds that were invested in order to further perpetuate the fraud

1

and allowed Blue Isle / Mediatrix to misappropriate funds—both directly and through taking unearned performance fees based on falsified trading results. *Id.*

On the basis of currently available information, Applicants understand the relationship between Equiti UK and Blue Isle began in or around February-March 2016 when, under its direction and supervision, Equiti UK's U.S. and Armenian wholly-owned subsidiaries entered into agreements with Blue Isle. *Id.* ¶ 6, App. 3-4. The relationship between Blue Isle and Equiti UK was subsequently formalized in a customer agreement on June 12, 2017. *Id.* From February-March 2016 until September 2019, Equiti UK provided brokerage services, trade execution and margin services to Blue Isle for which it appears to have earned and claimed more than $12 million in circumstances where it knew, or alternatively should have known, that Mediatrix and Blue Isle were operating a fraudulent scheme of which Applicants were victims. *See id.* Further, Equiti UK failed to perform adequate due diligence both initially and on an ongoing basis, which had they performed—as they represented to investors that they did—would have revealed "red flags" that became more numerous and severe with the passage of time and which should have alerted it to the fraudulent nature of Blue Isle's scheme. *Id.* Equiti UK should have inquired further into Blue Isle / Mediatrix's activities in the face of escalating "red flags," including for example, when Blue Isle told Equiti UK it had $25 million in assets and was trading "$15 billion+" annually. In sum, the Mediatrix Fraud was made possible by, among other misconduct, Equiti UK's knowing assistance and/or deliberate blindness. *Id.*

B.    **Anticipated U.K. Proceeding**

As a result, on the basis of the information currently available, Applicants intend to pursue claims against Equiti UK pursuant to the laws of England and Wales for damages and/or equitable

2

compensation under various legal theories stemming from Equiti UK's role in connection with Blue Isle / Mediatrix's fraud. *See* Campbell Decl., ¶ 7, App. 4.

**C.      Documents and Testimony Sought from Parham**

Applicants, through their Application for 28 U.S.C. § 1782 Order to Take Discovery (the "Application"), seek relevant documents and testimony from Parham to prepare for the anticipated U.K. Proceeding. The documents and testimony sought in this Application have not ever been provided to Applicants. *See* Campbell Decl., ¶ 20, App. 6.

Parham is in possession of information and/or documents relevant to Applicants' claims in the U.K. Proceeding. Parham was the accountant and bookkeeper for Blue Isle during the period that Blue Isle / Mediatrix was perpetrating the Mediatrix Fraud. *Id.*, ¶ 14, App. 5. In testimony provided to the SEC in litigation over the Mediatrix Fraud,[2] Blue Isle's Director of Technology, testified that Parham had knowledge of Blue Isle's trading practices and attended meetings between Blue Isle and Equiti UK in which Equiti UK's provision of credit to Blue Isle was discussed. *Id.*

As the former accountant at Blue Isle, Parham possesses documents and information relevant to, among other things: (1) the details of the Mediatrix Fraud; (2) Equiti UK's knowledge and facilitation of the Mediatrix Fraud; and (3) Equiti UK's provision of brokerage services, liquidity, and technology to Blue Isle. *Id.*, ¶ 15, App. 5-6.

---

[2] Additionally, the factual circumstances prompting Applicants to initiate the anticipated U.K. Proceeding against Equiti UK are already the subject of separate litigation brought by the United States Securities and Exchange Commission against Mediatrix and Blue Isle. *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC, (D. Colo., filed Sept. 12, 2019). That litigation remains pending in the United States District Court for the District of Colorado.

3

Through this Application, Applicants request information related to the above categories of information, including all documents and testimony previously provided to the SEC or any U.S. Attorney's Office relating to Equiti, Blue Isle, or Mediatrix.

Proposed subpoenas describing the documents and testimony Applicants seek from Parham for use in the U.K. Proceeding are attached as Exhibits A and B to the Application.

## ARGUMENT

An application pursuant to 28 U.S.C. § 1782 requires both that the district court is statutorily authorized to grant the request, and, if so, that additional discretionary factors counsel in favor of doing so. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004); *Tex. Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) ("Thus, once an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application seeking the authority to issue subpoenas.").

### A.     The Application Meets the Statutory Requirements of 28 U.S.C. § 1782

"Section 1782 allows an interested party to a foreign proceeding to apply to a United States district court in order to obtain discovery related to the foreign proceeding where the source of the discovery is not a party to the foreign proceeding and can be found within the jurisdiction of the district court." *Id.*  The statutory requirements, set forth at 28 U.S.C. § 1782(a), provide in relevant part that (emphasis added):

> The district court of the district in which *a person resides* or is found may order him to give his *testimony or statement or to produce a document* or other thing for *use in a proceeding in a foreign...tribunal*. The order may be made...*upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

4

A district court may grant an application pursuant to 28 U.S.C. § 1782 if these factors are met. *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 Fed. Appx. 319, 322-23 (5th Cir. 2015) (". . . statutory requirements must be satisfied before a district court may grant assistance under § 1782(a)").

The first requirement is plainly met. Each of the Applicants are an "interested person" for purposes of Section 1782 because each expects to be a claimant in the anticipated U.K. Proceeding. *Id.,* ¶ 7.  The Supreme Court has affirmed that the statute extends to parties to a foreign proceeding, (see *Intel,* 542 U.S. at 256-57), and other courts have held, even more expansively, that it applies to persons who anticipate being litigants in a foreign proceeding.  *See, e.g.*, *In re Appl'n of Eurasian Bank Joint Stock Co.*, No. 3:15-mc-106-L-BN, 2015 WL 6438256, at *2 (N.D. Tex. Oct. 21, 2015) (". . . as a prospective litigant in the Republic of Kazakhstan, Eurasian is an interested person within the meaning of Section 1782." (internal quotation omitted)).

Similarly, the second prong is met because the Application seeks documents and testimony that Applicants anticipate using as potential evidence in the anticipated U.K. Proceeding. Campbell Decl. ¶¶ 14-16, App. 5-6; *see also Bravo Express Corp*., 613 Fed. Appx. at 322-23 (proceeding in United Kingdom is foreign proceeding under Section 1782); *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *13 (N.D. Tex. Aug. 31, 2017) (granting Section 1782 application for discovery to be used in proceeding in United Kingdom).

Applicants seek documents and testimony from Parham for "use in a proceeding" in a "foreign tribunal."  Campbell Decl. ¶¶ 14-16, App. 5-6.  The documents and testimony Applicants seek from Parham are highly relevant to their claims in the anticipated U.K. Proceeding. In particular, the documents and testimony Parham is anticipated to provide involve Blue Isle's trading activity and Equiti UK's provision of credit (i.e. margin) to Blue Isle. These topics are

5

central to Applicants' contentions that Equiti UK's facilitation and concealment of the Mediatrix Fraud constitute the legal cause of the significant financial losses they suffered. *See id.*, ¶¶ 15-16, App. 5-6. Applicants have no reason to believe that the documents and testimony elicited from Parham will be inadmissible in the U.K. Proceeding or that any applicable law or local court rules would bar introduction of that evidence. *See* Campbell Decl., ¶¶ 17-18, App. 6. Notably, many Courts have held that applications seeking discovery under 28 U.S.C. § 1782 for use in proceedings in the United Kingdom satisfy this requirement. *See Bravo Express Corp.*, 613 Fed. Appx. at 322-23; *LEG Q LLC*, 2017 WL 3780213, at *13; *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 210 (4th Cir. 2020) (concluding that even an "arbitral panel in the United Kingdom is indeed a foreign tribunal for purposes of § 1782."); *In re Ex Parte Appl'n of Global Energy Horizons Corp.*, Case No.: 5:15–mc–80078–PSG, 2015 WL 1325758, *2 (N.D. Cal. Mar. 24, 2015) ("[T]he discovery sought is for use in a proceeding before the High Court of Justice in England, United Kingdom, which is undisputedly a proceeding before a foreign or international tribunal under Section 1782(a).") (internal quotation omitted)); *Matter of Simetra Global Assets Ltd. & Richcroft Invest. Ltd.*, No. 16-2389 (JLL) (JAD), 2016 WL 3018692, at *3 (D.N.J. May 25, 2016) (litigation in United Kingdom is foreign proceeding under Section 1782); *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (N.D. Ill. Apr. 8, 2010) (proceeding in United Kingdom qualified as foreign proceeding under Section 1782); *Interbrew Central European Holdings BV v. Molson Coors Brewing Co.*, No. 13–cv–02096–MSK–KLM, 2003 WL 5567504, at *2 (D. Colo. Oct. 9, 2013) (applicant met Section 1782 statutory factor where litigation was pending in the United Kingdom).

It is well-established that discovery sought for use in an "anticipated" proceeding falls within the scope of the statute's requirements that the discovery sought be for "use in a

proceeding," especially where, as here, Applicants have provided detailed information regarding their intent to proceed from their foreign counsel responsible for that anticipated proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004) (the statute "only requires that a dispositive ruling by the [tribunal] be *within reasonable contemplation*") (emphasis added).  The court's decision in *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.* 613 Fed. Appx. 319, 322-23 (5th Cir. 2015), is instructive. The circuit court in *Bravo Express Corp.* vacated the district court's denial of a Section 1782 application. In remanding it, with instruction to provide a written order, the circuit court specifically held that the applicants, who had not yet initiated proceedings in the U.K. but "intended to", satisfied Section 1782's second statutory requirement that discovery be sought "for use in a proceeding in a foreign or international tribunal." *Id.* at 323. In coming to this conclusion, the circuit court relied on both a sworn affidavit from applicants' counsel detailing the facts giving rise to the prospective lawsuit and confirming applicants' intent to file suit, and, later at the hearing on the application, further testimonial attestations that the applicants had prepared a claim letter setting forth their potential claims. *Id.*

Other courts have similarly held that a foreign proceeding need not be filed or actually pending before Section 1782 may be invoked. *See e.g., Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc*., 747 F.3d 1262, 1270 (11th Cir. 2014) (vacating denial of Section 1782 application where applicants sought discovery to support "contemplated civil and private criminal suits" in Ecuador based principally on findings from auditors that foreign adversary could be liable, and finding that support satisfied the court's duty to "insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time"); *Mees v. Buiter*, 793 F.3d 291, 300-01 (2d Cir. 2015) (holding that proceedings within reasonable contemplation qualified as foreign proceedings under Section 1782). *See also*

*Ex Rel. Application of Winning (HK) Shipping Co.,* No. 09-22659-MC, 2010 WL 1796579, at *4 (S.D. Fla. Apr. 30, 2010) ("there is no requirement that the foreign proceeding be 'pending' or even 'imminent' as long as the proceeding is 'within reasonable contemplation'") (quoting *Intel*, 542 U.S. at 253-54).

Here, Applicants' conduct is indicative of their intent to file claims against Equiti UK in the United Kingdom. Among other things, they have retained counsel in the U.K., and drafted and served upon Equiti UK an extensively detailed "Letter of Claim." Campbell Decl. ¶¶ 8-9, App. 4. Under the Civil Practice Rules 1998, which govern procedure in the High Court of England and Wales ("the CPR"), the delivery of a "Letter of Claim" is a necessary precursor to the commencement of litigation, as stipulated by the applicable pre-action protocol. *Id.,* ¶ 11, App. 4-5. This Application thus satisfies Section 1782's requirement that the discovery be "for use in a proceeding in a foreign tribunal." 28 U.S.C. § 1782.

Lastly, the third and fourth requirements are met, as Parham, the party from whom Applicants seek discovery, will not be a party to the foreign proceeding, *id.,* ¶ 13, App. 5, and resides and therefore is "found" within this District. Parham maintains a residence at 1416 Nash Street, Garland, Texas 75042, which is within this District. Parham is therefore subject to this Court's general jurisdiction. *See Bristol Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017); *BNSF Railway Co. v. Tyrrell,* 137 S. Ct. 1549 (2017); *Daimler A.G. v. Bauman,* 571 U.S. 117, 138-39 (2014); *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011). Accordingly, Applicants have demonstrated that their request satisfies all of the statutory requirements of Section 1782.

8

B.      **The Discretionary *Intel* Factors Weigh in Favor of Granting the Application**

Once an applicant establishes the statutory elements of 28 U.S.C. § 1782, a court looks to additional factors to determine whether to exercise its discretion to order the discovery produced. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The further "discretionary" factors identified in *Intel* are as follows:

(1)     Whether the party from whom discovery is sought is a participant in the foreign proceeding;

(2)     The nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of relevant foreign authorities to U.S. federal court assistance;

(3)     Whether the requests conceal an attempt to circumvent foreign proof-gathering practices; and,

(4)     Whether the requests are unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. Applicants respectfully submit that the discretionary factors also weigh in favor of allowing them to seek the requested discovery from Parham.

1.      **Parham Is Not a Party to the U.K. Proceeding**

This factor is again undisputed, as Parham will not be a party in the anticipated U.K. Proceeding, and therefore will remain outside the power of the High Court of England and Wales to compel production. Campbell Decl. ¶¶ 13, 19, App. 5, 6; *see also Intel,* 542 U.S. at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding...the need for § 1782(a) generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"). However, as discussed, Applicants believe that Parham, due to his role as a former accountant of Blue Isle, possesses information and/or documents regarding Equiti UK's facilitation and knowledge of the Mediatrix Fraud which is

9

central to Applicants' anticipated claims in the U.K. Proceeding.³  *Id.,* ¶¶ 14-16, App. 5-6.  This factor thus weighs in favor of granting Applicants' request to obtain discovery from Parham.

### 2. Section 1782 Applications Are Routinely Granted When the Discovery Sought is for Use in Proceedings in the U.K.

As stated above, district courts have granted Section 1782 applications where discovery is sought for use in an anticipated proceeding in the U.K.  *See, e.g.*, *Bravo Express*, 613 Fed. Appx. at 322-23; *LEG Q LLC*, 2017 WL 3780213, at *13; *Servotronics*, 954 F.3d at 210; *Global Energy Horizons*, 2015 WL 1325758, *2; *Simetra Global Assets Ltd.*, 2016 WL 3018692, at *3; *In re IKB Deutsche Industriebank AG*, 2010 WL 1526070, at *2; *Interbrew Central European Holdings BV*, 2003 WL 5567504, at *2.  Based on this, courts have concluded that the party opposing a Section 1782 application must present "authoritative proof" that the foreign court would reject the evidence sought.  *LEG Q LLC*, 2017 WL 3780213, at *9 ("The United States Court of Appeals for the Fifth Circuit has held that, to avoid speculative foray[s] into legal territories unfamiliar to federal judges, parties must provide authoritative proof that a foreign tribunal would reject evidence because of a violation of [an] alleged [foreign] privilege.") (alteration in original) (internal quotation and citation omitted)).  As detailed in the supporting declaration from U.K. counsel, it is expected that the documents and testimony elicited from Parham will be admissible in the U.K. Proceeding and not be barred by any applicable law or local court rules.  Campbell Decl. ¶¶ 17-18, App. 6.  Indeed, the CPR contemplates that parties to proceedings within the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence.  *Id.*  The second discretionary *Intel* factor therefore also favors granting the Application.

---

³ *See* discussion at page 4, *supra*.

10

### 3. Applicants' Request Does Not Attempt to Circumvent Foreign Proof-Gathering Practices

Applicants seek documents and testimony from Parham, an individual known to have documents and information concerning the facts underlying the claims they intend to assert in the anticipated U.K. Proceeding. Parham, who resides in the United States, is beyond the power of the High Court of England and Wales to compel him to provide that evidence to them, and not under the control of Equiti UK. Accordingly, and as is commonplace, Applicants have turned to Section 1782 to obtain evidence necessary to proceed on their claims in the U.K. Proceeding. The Subpoenas that Applicants intend to issue to Parham are being served in the interests of efficiency and solely to assist them to prepare and litigate their claims in the U.K. Proceeding. As previously noted, the CPR contemplates that parties to proceedings in the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence. *See LEG Q LLC*, 2017 WL 3780213, at *10 ("Respondents cite no rules that prohibit LEG Q from using Section 1782 documentary or deposition evidence to make a prima facie showing supporting its derivative claims . . . . Nor do they cite any evidence that granting LEG Q's application would pit this Court against, or contradict any rulings of, the English court.") (internal quotation omitted)). *See also* Campbell Decl. ¶¶ 17-18, App. 6. No judicial authority in the U.K. has rejected any effort by Applicant to obtain the requested documents and other materials. *Id.,* ¶ 20, App. 6. Accordingly, the third discretionary *Intel* factor is met.

### 4. The Discovery Sought from Parham Is Specific, Narrow, and Not Unduly Intrusive or Burdensome.

Applicants' requests are limited to discrete issues that are narrowly tailored to obtain information regarding the actions taken by Equiti UK in connection with its facilitation and concealment of the Mediatrix Fraud. Specifically, Applicants seek documents related to the perpetration of the Mediatrix Fraud and Equiti UK's role in its facilitation, including: (1) the details

11

of the Mediatrix Fraud; (2) Equiti UK's knowledge and facilitation of the Mediatrix Fraud; (3) the flow of investor funds into accounts at Equiti UK; (4) Equiti UK's provision of brokerage services, liquidity, and technology to Blue Isle; (5) Equiti UK's participation in the solicitation of investors for Blue Isle and Mediatrix; and (6) Equiti UK's provision of account statements and customer support to Blue Isle / Mediatrix investors. Campbell Decl. ¶¶ 14-16, App. 5-6. Each of these topics is relevant to Applicants' claims against Equiti UK in the anticipated U.K. Proceeding. *See id.*, ¶¶ 4-7, App. 2-4.

Accordingly, Applicants' requests specifically seek documents Parham is known or credibly suspected to have in his possession or control. *See Application,* Exhs. A-B. Furthermore, any burden on Parham is anticipated to be minimal to the extent he is being commanded to produce documents already preserved, identified and/or produced in other litigation involving the same operative facts. The U.S. Securities and Exchange Commission has conducted an investigation and initiated litigation against Blue Isle, among other individuals and entities, for the fraud Applicants assert Equiti UK facilitated. That litigation remains pending in the United States District Court for the District of Colorado.[4] To the extent Parham has collected and/or produced documents related to the SEC investigation or litigation, it would not be burdensome for Parham to reproduce such documents in response to the attached subpoenas. *See LEG Q LLC*, 2017 WL 3780213, at *11-12 (no blanket assertions of undue burden).

Finally, granting the relief requested through this Application is not unfair to Parham. He will remain able to avail himself of rights under Fed. R. Civ. P. 45(c), and rules applicable to discovery generally (including rules available to protect any information that is proprietary or privileged). *See id.* at *13 (discussing Section 1782 and concluding that "all of these concerns—

---

[4] *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC (D. Colo. filed Sept. 12, 2019).

including the breadth of topics in the deposition subpoenas—can properly be addressed through the mechanisms, including objections and motions, specifically provided by Rule 45.").

## CONCLUSION

For the above stated reasons, Applicants respectfully request that the Court grant this Application and enter an Order authorizing the issuance and service of subpoenas in the form attached to the Application as Exhibits A and B.

Respectfully submitted,

By: /s/ David C. Kent
David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone:    469 357 2500
Facsimile:    469 327 0860
ATTORNEYS FOR APPLICANTS
ROBERT J. PARFET, *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, a copy of the foregoing document was filed electronically with the United States District Court for the Northern District of Texas, Dallas Division.

/s/ David C. Kent
David C. Kent

US.131663624.02

13